

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-19-2006

# USA v. Burke

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2778

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Burke" (2006). *2006 Decisions.* Paper 1245.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1245

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 05-2778

———

UNITED STATES OF AMERICA

v.

LEVAR BURKE,
                                    Appellant

———

On Appeal from a Final Judgment of Conviction and Sentence of
the United States District Court for the District of New Jersey
(D.N.J. Criminal No. 99-cr-00399)
District Judge: Hon. Stanley S. Brotman

———

Submitted Under Third Circuit LAR 34.1(a)
April 18, 2006

Before:  SLOVITER, AMBRO, and MICHEL[*], Circuit Judges

(Filed: April 19, 2006)

———

OPINION

———

     [*] Hon. Paul R. Michel, Chief Judge of the United States
Court of Appeals for the Federal Circuit, sitting by
designation.

MICHEL, <u>Chief Judge</u>.

On March 17, 2000, Levar Burke pled guilty to possession of a firearm by a convicted felon, and was sentenced to 24 months imprisonment and three years supervised release. On May 17, 2005, Burke admitted using marijuana and pled guilty to a corresponding Grade C violation of supervised release, see U.S.S.G. § 7B1.1 (classifying supervised release violations), in exchange for the dismissal of 10 additional alleged violations. Because Burke's criminal history category was VI and he had pled guilty to a Grade C violation, the advisory sentencing guideline range for Revocation of Supervised Release was 8-14 months imprisonment. The court, however, was permitted to require Burke to serve in prison "all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release," 18 U.S.C. § 3583(e)(3), which equated to 20 months, 24 days remaining on the supervised release term for the original offense of possession of a firearm by a convicted felon.

Following testimony by the defendant and argument from both sides, the district court revoked supervised release and sentenced Burke to 17 months incarceration. Burke appeals, arguing first that <u>United States v. Booker</u>, 543 U.S. 220 (2005), lessened the "plainly unreasonable" standard of review applicable to violations of supervised release from the federal sentencing guidelines, <u>see</u> 18 U.S.C. § 3742(e)(4), and second that the sentence imposed was unreasonable. Because we affirm the district court's sentence under the less deferential standard of "reasonableness", we need not decide which standard of review applies to violations of supervised release, post-<u>Booker</u>.

2

**I**

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1). See United States v. Cooper, 437 F.3d 324, 328 (3d Cir. 2006).

**II**

When a district court imposes a longer prison sentence in a Revocation of Supervised Release proceeding, it must "consider" the now advisory sentencing range under U.S.S.G. § 7B1.4(a), as well as "state on the record its general reasons under section 3553(a) . . . for imposing a more stringent sentence." United States v. Blackston, 940 F.2d 877, 894 (3d Cir. 1991). "[T]here is no requirement that the district court make specific findings with respect to each of the section 3553(a) factors that it considered." Id. at 893-94. Rather, the court must simply give meaningful consideration to the section 3553(a) factors and address any argument raised by a party that has recognized legal merit. United States v. Cooper, 437 F.3d 324, 329 (3d Cir. 2006).

On appeal, Burke argues that the 17-month term of imprisonment imposed by the district court was unreasonable given his substantial assistance to authorities, his longstanding history of mental health issues, and physical injuries he suffered in prison following a seizure and fall. Burke also asserts that his sentence violates section 3553(a) because it is greater than necessary to meet the purposes of sentencing.

We disagree. The record shows that the district court explicitly acknowledged the advisory guideline range and considered each of Burke's three arguments in support of leniency. The judge referenced a letter he received from Burke articulating his feelings

3

regarding sentencing, and asked the defendant to restate his feelings on the record. The judge questioned Burke about his repeated failure to take his medication and comply with court-ordered drug testing. Finally, the judge considered the government's request for an upward departure from the guideline range owing to the downward departure in the original sentence giving rise to the term of supervised release, possession of a firearm by a convicted felon, and in light of the defendant's history of recidivism.

The sentence imposed was warranted given the numerous occasions on which Burke appeared before the district court and his failure to take advantage of the mental health treatment and anger management counseling afforded him over the course of his supervision. Burke's history of recidivism is truly extraordinary: his criminal activity commenced at age ten, and he reached the highest criminal history category, Category VI, at age twenty-one. Moreover, this was Burke's second violation of the supervised release term imposed for the original offense of possession of a firearm by a convicted felon. The district judge explained his decision to exceed the guideline range as follows:

> I think a lot of your problem over the years was a result of . . . various judges along the way feeling sorry for you and thinking or concluding that a certain sentence would be good for you. I looked over that record. And that may have given you an impetus to go on further and further so far as crime is concern[ed]. Somewhere along the line it's got to stop. It's got to stop . . . [U]nder the Guidelines I do have an ability to provide an upward departure, and I'm going to do that. I'm going to do that. And I'm going to do it because I feel it's for your benefit that I do that.

In sentencing Burke to 17 months, the judge stated "I've given you less than I would have". He admonished Burke to take his psychotropic medication, commended Burke on

4

his eloquence, and recommended that Burke be designated to a specific prison with appropriate treatment facilities.

Because the sentence imposed by the district court for violation of supervised release was reasonable, the judgment of sentence is affirmed.